UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE NORTH ATLANTIC STATES
CARPENTERS HEALTH, PENSION, ANNUITY AND
APPRENTICESHIP FUNDS and LABOR MANAGEMENT
COOPERATION FUNDS,

                              Petitioners,                     **REPORT AND**
                                                               **RECOMMENDATION**

                 -against-                             CV 23-8258 (DG)(ARL)

SOUTH ISLAND INSTALLERS INC. *also known as*
South Island Installation,

                              Respondent.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Gujarati, is the motion of the petitioners,

the Trustees of the North Atlantic States Carpenters Health, Pension, Annuity, and

Apprenticeship Funds and the Labor Management Cooperation Funds (collectively, the

"Trustees"), seeking to confirm an arbitration award.   To date, the respondent, South Island

Installers Inc. ("South Island"), has neither responded to the confirmation action nor otherwise

sought to challenge the award.   For the reasons set forth below, the undersigned respectfully

recommends that the petitioners' motion to confirm the arbitration award be granted.

## BACKGROUND

    **A.**    **Factual Background**

      The following facts are taken from the Petition and exhibits annexed thereto and are

presumed true because no response to the Petition has been filed and the time in which to do so

has expired.

    **1.**    **The Parties**

The trustees of the North Atlantic States Carpenters Health, Pension, Annuity and

Apprenticeship Funds are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 (the "ERISA Funds").   Pet. ¶ 4.   The ERISA Funds have a principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.   *Id.*   The trustees of the North Atlantic States Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee who also maintain a principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.[1] *Id.* ¶ 5.   South Island is a New York domestic business corporation that maintains a place of business at 414 E. Olive Street, Long Beach, NY 11561.[2] *Id.* ¶ 6.   During the relevant time period, South Island was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the Labor Management Relations Act of 1947, 29 U.S.C. § 142.   *Id.*   South Island was also a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. (the "Association") and, as a member of that Association, agreed to be bound to all collectively bargained agreements entered into between the Association and the North Atlantic States Regional Council of Carpenters Local Union 290 (the "Union").   *Id.* ¶¶ 8, 9.

2.    **The Collective Bargaining Agreements**

During the relevant time period, the Association and the Union were parties to two collective bargaining agreements ("CBAs") – one covering the period May 1, 2019 through April 30, 2022 and a second covering the period May 1, 2022 through April 30, 2025.   *Id.* Exs. B and

---

[1] The ERISA Funds and the Labor Management Fund are referred to collectively as "the Funds."
[2] As will be discussed below, the New York Department of State Division of Corporations lists South Island's address for the mailing on any service of process received by the Secretary of State as 104 Michigan Street, Long Beach NY 11561.

C.   Pursuant to the CBAs, South Island was required to make contributions to the funds for all work performed within the trade and geographical jurisdiction of the Union ("covered work"). *Id.* ¶ 10*;* Ex. B, Art. 16, Section (a); Ex. C, Art. 16, Section (a).   The CBAs also made clear that South Island would be bound by the Agreements and Declarations of Trust and the Plans or other associated documents adopted by and governed by the Funds.   *Id*. ¶ 11; Ex. B, Art. 16, Section (a); Ex. C, Art. 16, Section (a).

To this end, the Trustees established an Employer Contribution Audit and Collection Policy ("Collection Policy").   *Id.* ¶ 12*,* Ex. D.   The Collection Policy defines "contributions" as the monetary contributions due to the Funds inclusive of the supporting remittance reports, shop steward reports, and/or weekly payroll reports.   *Id.* ¶ 13*,* Ex. D, Art. 2.1(A).   The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator.   *Id.* ¶ 14, Ex. D, Art. 2.3(A). The CBAs and the Collection Policy further state that the employer shall be liable for all costs incurred in collecting the delinquent contributions, including without limitation interest, liquidated damages, attorneys' fees, and arbitration fees.   *Id.* ¶ 15*,* Ex. B, Art. 16, Section (b); Ex. C, Art. 16, Section (b); Ex. D. Art. 1.1(C) (4-5) and Art. 6.1-6.3.   Specifically, pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month (9% per year) compounded monthly.   *Id.* ¶ 16*,* Ex. D, Art. 2.1(D). Liquidated damages is to be calculated from the Due Date and becomes due and owing if a suit is commenced.   *Id.* ¶ 17.   The amount of the liquidated damages is set at 20% of the delinquent Contributions. *Id.* Ex. D, Art. 6.1.

### 3.    The Parties' Dispute and Subsequent Arbitration Hearing

A dispute arose between the parties when the Funds determined that South Island had

failed to remit contributions in the amount of $5,567.03 for the audit period April 1, 2018 through December 29, 2021.  *Id.* ¶ 18.   When South Island failed to remit the amount in arrears, the Trustees decided to initiate arbitration before J.J. Pierson, the permanent arbitrator designated by the Trustees.  *Id.* ¶ 19.   In order to do so, on April 5, 2023, the Trustees mailed South Island a Notice of Intent to Arbitrate Delinquency at its address of record with the state, that being, 104 Michigan Street, Long Beach, New York 11561.  *Id.* Ex. E.   The Notice made clear that the arbitration was scheduled for April 26, 2023 via Zoom and that a representative of the Funds would contact South Island a week prior to the hearing date to provide dial-in instructions.  *Id.* A copy of the Funds audit results from April 1, 2018 to December 29, 2021 were annexed to the Notice.  *Id.*   Despite such notice, South Island failed to appear.  *Id*. Ex. F.   The hearing was, nonetheless, held and the arbitrator rendered his award in an order dated May 10, 2023.  *Id.*   In that order, the arbitrator found that South Island violated the terms of its CBAs when it failed to make timely and accurate payments to the Funds, and thus, ordered South Island to pay the Funds the sum of $15,811.17, consisting of delinquent contributions in the amount of $5,567.03, interest of $1,607.08, liquidated damages of $1,113.41, audit fees of $5,773.65, attorneys' fees of $950, and arbitrator's fee of $800.

The Trustees served South Island with a copy of the Arbitration Award on May 16, 2023 by certified mail.   This time service was made at South Island's Olive Street address.  *Id.* Ex. G.   According to the Trustees, as of the date of the Petition, South Island had failed to pay any portion of the Award.  *Id.* ¶ 23.   Nor has the Award been vacated or modified and no application for such relief is currently pending.  *Id*. ¶ 24.

### B.    Procedural Background

The Trustee filed the Petition to Confirm the Arbitration Award on November 7, 2023.

ECF No. 1.   South Island was served with the Summons and Petition by service upon the New York State Secretary of State on November 8, 2023.   ECF No. 8.   Because South Island's address for service listed with both the New York Department of State Division of Corporations and the Funds, 104 Michigan Street, differs from the address where the Trustee believe South Island is doing business, 414 E. Olive Street, the Trustees also served South Island with a courtesy Petition at the Olive Street address.   ECF No. 9.   Despite such service, South Island has not responded.

## DISCUSSION

### A.   Standards of Review

The enforcement of arbitration awards is governed by Section 9 of the Federal Arbitration Act ("FAA").   Section 9 provides:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title . . . .

9 U.S.C. § 9.   The confirmation of an arbitration award under Section 9 of the FAA is generally "'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . .'" *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006)).   Indeed, [t]he Second Circuit has 'repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process.'" *Finkel v. JCF Elec., Inc*., No. 21 CV 03161 CBA RER, 2022 WL 3682834, at *2 (E.D.N.Y. Aug. 25, 2022) (citing *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007)*.*   "'Further, the federal policy in favor of enforcing arbitration awards is

particularly strong with respect to arbitration of labor disputes.'" *See Rite Aid of N.Y., Inc. v. 1199 SEIU United Health Care Workers East,* 704 Fed. Appx. 11, 12 (2d Cir. 2017) ("A federal court's review of labor arbitration awards is among the most deferential in the law . . . We may not ourselves weigh the merits of the grievance . . ..)(internal citations omitted)).   "In such cases, '[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable.'" *Finkel,* 2022 WL 3682834, at *2 (citing *Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 509 (2001)).

Nonetheless, "Section 10 of the FAA allows a court to vacate an arbitration award in four circumstances, primarily involving fraud, corruption, partiality, misconduct, or imperfect execution or exceeding of arbitral powers." *Seneca Nation of Indians*, 988 F.3d at 625 (citing 9 U.S.C. § 10).   In addition, the Second Circuit has "'held that the court may set aside an arbitration award if it was rendered in manifest disregard of the law.'" *Weiss v. Sallie Mae, Inc*., 939 F.3d 105, 109 (2d Cir. 2019) (citing *Schwartz v. Merrill Lynch & Co.,* 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted); *see also Porzig,* 497 F.3d at 139 (courts will "vacate an award only upon finding a violation of one of the four statutory bases [enumerated in Section 10(a) of the FAA], or, more rarely, if [the court finds] a panel has acted in manifest disregard of the law.").   Notably, the Second Circuit has continued to recognize the "manifest disregard of the law" standard notwithstanding the Supreme Court's holding in *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 585, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008), that the statutory grounds set forth in section 10 and 11 provide the FAA's exclusive grounds for expedited vacatur and modification.   *Weiss*, 939 F.3d at 109 ("it is somewhat unclear whether the 'manifest disregard' paradigm constitutes an independent framework for judicial review, as

6

the district court thought, or a 'judicial gloss' on the FAA's enumerated grounds in section 10(a)").   In any case, "[a] litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.*   With these guidelines in mind, the Court turns to the instant Petition.

**B.      The Trustees' Request to Confirm the Award**

By letter dated December 19, 2023, the Trustees requested that the Petition be reviewed as a motion to confirm the arbitration award and be deemed an unopposed motion for summary judgment.   ECF No. 10.   The Court has before it the written contracts between the Union and the Association and the award rendered by the Trustees designated arbitrator.   In addition, despite service, South Island has chosen not to appear in this matter to challenge the award. Accordingly, the undersigned agrees that the Court should treat the unanswered Petition as an unopposed motion for summary judgment and will examine the Trustee's submissions to determine if they have met their burden of demonstrating that no material issue of fact remains for trial.   *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

In this case, the Trustees commenced an arbitration in accordance with the provisions of the parties' Collection Policy, to which South Island agreed to be bound.   *See* Pet. ¶¶ 9, 11, 14, Ex. D, Art. 2.3(A).   Section 2.1 of the Collection Policy sets forth the pre-arbitration administrative steps to be taken by the Fund Office if contributions are not received by the Fund Office from employers.   *Id*. Ex. D.   Section 2.3 of the Collection Policy then provides:

> A.   Notice to Arbitrate. If the delinquent Contributions are not received within 20 days following the date of the notice described in Section 2.l(F) (Exhibit B), the Fund Office shall prepare a Notice to Arbitrate before the Funds' designated arbitrator. The Notice to Arbitrate shall be signed by the Northeast

> Carpenters Funds' Director (the "Fund Director") or Collections Coordinator on behalf of the Trustees. A sample Notice to Arbitrate is set forth at Exhibit D.
>
> B.   Employer Dispute Regarding Designated Arbitrator. If after receiving a Notice to Arbitrate, an employer objects to the arbitration of the delinquency before the designated arbitrator by means other than the commencement of an action to stay the arbitration, the matter may be pursued by Delinquency Counsel in Federal Court as set forth in Article III.

*Id.* Ex. D.   On April 5, 2023, a Notice of Intent to Arbitrate was mailed to South Island at the address it designated for service with the New York Department of State Division of Corporations.[3]   *Id.* Ex. E.   On April 26, 2024, an arbitration was held during which the arbitrator confirmed that South Island was a signatory to the CBAs, which required it to remit contributions.   *Id.* Ex. F.   The arbitrator further determined that South Island had covered employees during the payroll period between April 1, 2018 and December 29, 2021.   *Id.* Finally, the arbitrator determined that an audit had been conducted by an independent auditor and South Island was given an opportunity to question the findings but failed to do so.   Based on the evidence presented, the arbitrator reasonably determined that South Island had failed to remit contributions to the Plans during a specified time period.   On the record before the Court, the undersigned finds no reason to doubt that the arbitrator acted within the scope of his authority to render the Award, nor any reason to find that any other basis for vacatur exists.   Accordingly,

---

[3] It warrants mention that pursuant to Section 2.1 of the Collection Policy, the Fund Office must first contact both the employer and the local Union by telephone, to attempt to effectuate payment of contributions in arrears.   Pet. Ex. E., 2.1(B).   If contributions are not received by the final day of the month in which the due date occurs, the Fund Office must then send written notice to the employer at the employer's business address on file with the Fund Office advising the employer that contributions are past due.   *Id.* Ex. E., 2.1 (E).   South Island's business address on file with the Fund was the Michigan Street address although it appears the Funds also knew that the company was doing business at the Olive Street address.   The Collection Policy does not spell out to what address the Notice of Intent to Arbitrate must be mailed.   *See id*, Ex. E, 2.2(A).   As indicated above, the Fund Office mailed the Notice of Intent to Arbitrate to the Michigan Street address.   Although the undersigned questions why that Notice was not also sent to the Olive Street address, the Petition in this case was served on South Island at both addresses. South Island could have answered the Petition or responded to the Trustee's letter requesting that the Court deem the unanswered Petition as an unopposed motion for summary judgment but chose not to do so.

because there is at least "barely colorable justification" for the arbitrator's award, and no material issue of fact for trial, the undersigned respectfully recommends that the arbitrator's decision be upheld and the award be confirmed.   *See Finkel*, 2022 WL 3682834, at *3 (citing *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. TNT Contracting & Consulting, Inc.,* No. 12-cv-8 (ALC), 2012 WL 548816, at *1 (S.D.N.Y. Feb. 17, 2012) (confirming arbitration award where the defendant failed to respond and the court found no material issue of fact for trial)).

Moreover, with respect to damages, the arbitrator ordered South Island to pay the Funds the sum of $ 15,811.17, consisting of: (1) unpaid contributions of $5,567.03; (2) interest thereon of $1,607.08; (3) liquidated damages of $1,113.41; (4) audit fees of $5,773.65; (5) attorneys' fees in the amount of $950.00; and (6) the arbitrator's fee of $950.00.   Pet. Ex. E.   Because the arbitrator granted these sums in accordance with the CBAs and the Collection Policy, the undersigned further recommends that the amount awarded be confirmed.

Lastly, the Trustees requests an award of attorneys' fees and costs in the amount of $1,151.50.   The Trustees are entitled to attorneys' fees under both ERISA and the CBA.   *See e.g.*, Exs. B, Art. 16, Section (b); Ex. C, Art. 16, Section (b); Ex. D. 1.1(C) (4-5) and Art. 6.1-6.3. In addition, "'courts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'" *Id.* (citing *Abondolo v. H. & M. S. Meat Corp*., No. 07-cv-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)).   In support of their request for attorneys' fees, the Trustees have submitted invoices from their counsel that documented the specific tasks performed, the hours worked, and the associates' and legal assistants' hourly rates.   *Id*. Ex. H.   The records reflect that counsel billed associates out at the rate of $275 and legal assistants at a rate of $120 per hour, which rates the undersigned finds

reasonable.   In addition, the Trustees allege in the Petition that their counsel advanced $477 in court filings, service fees and postage.   Accordingly, the undersigned also recommends that the Trustees be awarded attorneys' fees and costs in the amount of $1,151.50.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.   Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.   Failure to file objections within this period waives the right to appeal the District Court's Order.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
        August 13, 2024

                              _____/s/_____
                              ARLENE R. LINDSAY
                              United States Magistrate Judge